IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRIS STOVIC, *pro se*      )
                            )
      Plaintiff,      )
                            )
      v.              )   Civil Action No. 1:13-00090
                            )   District Judge Nora Barry Fischer
UNITED STATES OF AMERICA    )
RAILROAD RETIREMENT BOARD,  )
                            )
      Defendant.      )

## MEMORANDUM OPINION

This is an action for the recovery of benefits pursuant to the Railroad Retirement Act of 1974, 45 U.S.C. § 231 *et seq.*, and by incorporation, Section 5 of the Railroad Unemployment Insurance Act, 45 U.S.C. § 355.  Plaintiff Chris Stovic ("Stovic"), proceeding *pro se*, alleges that the U.S. Railroad Retirement Board ("the Board"), the government agency responsible for the administration of retirement benefits for former railroad employees and their families, has paid him less than the full amount of retirement-pension benefits that he is purportedly owed based on his years of service to the railroad.  Stovic requests declaratory relief, retroactive adjustment of his benefits, and costs.  (ECF No. 1 at p. 9.)  The Board has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, on the grounds that this Court lacks subject-matter jurisdiction to enter a decision in the case.  (ECF No. 5.)

For the reasons stated below, the Board's motion will be treated as a motion to dismiss pursuant to Rule 12(b)(1) and will be granted, without prejudice.  Furthermore, in accordance

1

with 28 U.S.C. § 1631, this action will be transferred to the docket of the United States Court of Appeals for the Third Circuit, which is competent to hear the case.

# I. BACKGROUND

### A. Factual Allegations

The Court's understanding of the facts derives entirely from Stovic's *pro se* Complaint. (ECF No. 1.)[1] Stovic, a resident of Kane, Pennsylvania, worked for the railroad for "over 30 years" at the time of his retirement in August 1995. (*Id*. at ¶ 3(d).) The Complaint does not specify the identity of his employer nor the type of work he performed.

Stovic alleges that he received a letter from the Social Security Administration ("SSA") on October 12, 2012, which purportedly stated:

> Your Social security benefits begin 01/1997 you were entitled to $418 per month which was
>
> CERTIFIED TO THE RAILROAD BOARD
> EFFECTIVE 12/11/2012 SSA CERTIFIED $603/MTH to RRB.

(*Id*. at ¶ 7.) Although not specifically alleged, the Court will assume, based on the quoted portion of the SSA's letter, that the $418 referenced above is the amount of the per-month deficiency that Stovic is seeking to recover in this lawsuit.

Presumably in response to the SSA's letter, Stovic alleges that he sent a letter to the Board on February 25, 2013 requesting that it provide him with a "copy of the statute that they used to calculate the benefits" owed to him as a retired railroad employee. (*Id*. at ¶ 3.) It appears, although it is not specifically alleged, that Stovic may have made either the same or a

---

[1] As a *pro se* litigant, the Court is obliged to construe the allegations in the Complaint as liberally as possible. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Stovic's Complaint, despite being 9 typed pages in length, does little more than list the statutes relating to the provision of railroad retirement benefits, cases relating to the administration of railroad retirement benefits, as well as large block-quotations from those sources. It sets forth very little in the way of facts that would assist this Court in determining whether he has brought a viable cause of action.

similar claim for benefits from the Board in the late 1990s. (*See id*. at ¶ 29.)[2] Stovic contends that because he had not received a response from the Board, he had "no other choice but to file a complaint" in federal district court. (*Id*. at ¶ 3.)

B. **Procedural Background**

Stovic filed his Complaint in the instant action on April 1, 2013. (*Id*.) The United States filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative, for Summary Judgment pursuant to Rule 56, on May 30, 2013, on the grounds that: (1) the Court of Appeals for the Third Circuit, and not this Court, is the forum in which Stovic must bring his dispute; (2) Stovic has not yet exhausted his administrative remedies with the Board; and (3) the interests of justice do not warrant this Court's transfer of the action to a court of competent jurisdiction, and thus, the case should be dismissed. (*See* ECF No. 6.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move for dismissal of a complaint if the court lacks subject-matter jurisdiction to hear the case. Absent subject-matter jurisdiction, the court does not possess the power to decide the case, and any disposition it renders is a nullity. *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines*, 673 F.2d 700, 711 (3d Cir. 1982); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). If Congress has clearly stated that "a threshold limitation on a statute's scope [is] jurisdictional," then the cause

---

[2] In support of its Motion to Dismiss, the Board has attached documents pertaining to a previous retirement benefits adjudication initiated by Stovic with the Board in the late 1990s. The matter was decided against Stovic in March of 1999, and it does not appear that he timely appealed the decision. (ECF No. 6, Ex. A and B.) The Board contends that the substance of Stovic's instant action is the same as this previous adjudication. However, due to the paucity of the factual allegations presented in the Complaint, and in light of the deferential standard of review due p*ro se* litigants, *see Haines*, 404 U.S. at 520, and this Court's disposition of the case, it would be premature to conclude at this procedural juncture that the subject of Stovic's instant action is the same as this 1999 adjudication or to otherwise construe the documents against him.

3

of action must be dismissed for lack of subject-matter jurisdiction. *Arbaugh v Y & H Corporation*, 546 U.S. 500, 515-16 (2006).

A defendant may challenge the court's subject-matter jurisdiction with either a facial or factual attack. *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000). In a facial attack, the defendant contests the sufficiency of the well-pleaded allegations insofar as they provide a basis for the court's exercise of subject-matter jurisdiction; as on a Rule 12(b)(6) motion, the court must treat the complaint's well-pleaded jurisdictional facts as true and view them in the light most favorable to the plaintiff. *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 (3d Cir. 2001); *Cunningham v. Lenape Regional High Dist. Bd. of Educ.*, 492 F.Supp.2d 439, 446-47 (D.N.J. 2007). Dismissal pursuant to a facial attack "is proper only when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Kehr Packages*, 926 F.2d at 1408-1409 (internal quotes omitted).[3]

### III. DISCUSSION

#### A. Jurisdiction

The Retirement Act provides that "any claimant who contends that under any initial determination of his claim he has been awarded benefits at less than the proper rate may appeal

---

[3] In a factual attack, on the other hand, the defendant attacks the factual basis underlying the court's subject-matter jurisdiction with extrinsic evidence, essentially making the argument that the allegations supportive of jurisdiction are not true. *Cunningham*, 492 F.Supp.2d at 447. Because the court must be satisfied at all times that it has the power to hear the case, it "may consider evidence outside the pleadings" "to resolve factual issues bearing on jurisdiction." *Gould Electronics*, 220 F.3d at 176; *Gotha v. U.S.*, 115 F.3d 176, 179 (3d Cir. 1997); *Int'l Ass'n of Machinists*, 673 F.2d at 711. Once the defendant presents extrinsic evidence contesting the jurisdictional facts set forth in the complaint, the court must permit the plaintiff to respond. *Gould Electronics*, 220 F.3d at 177. "The court may then determine jurisdiction by weighing the evidence presented by the parties," "*evaluating for itself* the merits of the jurisdictional claims." *Id.*; *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (emphasis added). In making this evaluation, no presumption of truthfulness attaches to the allegations set forth in the complaint. *Mortensen*, 549 F.2d at 891. Rather, the challenge must be evaluated solely on the merits of the evidence submitted on jurisdiction. *Id.* The Board's exhibits notwithstanding, which serve more to provide context for Stovic's motion rather than the truth of the allegations made in the Complaint, the Court will treat the jurisdictional attack as a facial one.

to the Board for the review of such determination." *See* the Railroad Unemployment Insurance Act, 45 U.S.C. § 355(c)(2) (incorporated by reference into the Railroad Retirement Act of 1974, 45 U.S.C. § 231g) (internal marks omitted). A claimant "aggrieved by a final decision" of the Board "may, only after all administrative remedies within the Board will have been availed of and exhausted, obtain a review of any final decision of the Board by filing a petition for review within ninety days…in the United States court of appeals for the circuit in which the claimant or other party resides…or in the United States Court of Appeals for the Seventh Circuit or…the United States Court of Appeals for the District of Columbia." § 355(f).

Furthermore, Congress has clearly stated that section 355 is jurisdictional in scope: only the courts of appeals, not the federal district courts, may hear appeals of final Board decisions. *Cunningham v. R.R. Ret. Bd.*, 392 F.3d 567, 579 (3d Cir. 2004); *Carter v. R.R. Ret. Bd.*, 834 F.2d 62, 63 (3d Cir. 1987) (Retirement Act "vests exclusive appellate jurisdiction over decisions of the Board in the Court of Appeals"); *Singletary-Harvey v. R.R. Ret. Bd.*, Civ. No. 02-7268, 2002 WL 31106613 (E.D.Pa. Sept. 20, 2002) (same).

Because aggrieved parties may appeal only final Board adjudications, and furthermore, they may do so only to the court of appeals in which they reside, the U.S. Court of Appeals for the Seventh Circuit, or the U.S. Court of Appeals for the District of Columbia Circuit, this Court does not have subject-matter jurisdiction to hear Stovic's appeal. To that end, the Complaint fails on two grounds: (1) it does not adequately plead that the Board decision from which Stovic is appealing is a final Board decision, an affirmative defense properly raised by the Board, and (2) even if he were appealing a final Board decision, Stovic has made his appeal to the wrong forum–pursuant to § 355(f), his appeal must be made to one of the Courts of Appeals enumerated previously, not to the U.S. District Court for the Western District of Pennsylvania. *See* §§ 231g,

355(f); *Cunningham*, 392 F.3d at 579.  Thus, pursuant to Federal Rule of Civil Procedure 12(h)(3), the Court must dismiss the action.  FED. R. CIV. P. 12(h)(3); *Singletary-Harvey*, 2002 WL 31106613, at *1.

### B. Transfer

In a civil action where the "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed". 28 U.S.C. § 1631. There is no question here that Stovic cannot pursue his cause of action in this Court. *Cunningham*, 392 F.3d at 579; *see also Leal v. Szoeke*, 917 F.2d 206, 207 (5th Cir. 1990) ("[a]t no time is [the claimant] supposed to be in the district court").  However, due to the factual deficiencies in the Complaint, and the Court's inability to probe the merits of the exhibits regarding Stovic's past benefits claims attached to the motion to dismiss due to want of subject-matter jurisdiction, the Court determines that it is in the interests of justice to transfer this case to the U.S. Court of Appeals for the Third Circuit for further adjudication.

### IV. CONCLUSION

For the reasons stated above, the Board's Motion to Dismiss (ECF No. 5) is **GRANTED WITHOUT PREJUDICE**, and this matter will be transferred to the docket of the United States Court of Appeals for the Third Circuit.

/s/ *Nora Barry Fischer*
United States District Judge

cc/ecf:  Chris Stovic
435 Greeves Street
Kane, PA 16735
(Regular & Certified Mail)

All Counsel of Record